IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :
                                          :
   C & A, S.E.,                           :    CASE NO. 05-05297 (GAC)
                                          :
   Debtor                                 :    CHAPTER 11
_____ :
                                          :
   C & A, S.E.,                           :
                                          :
   Plaintiff                              :
                                          :
      v.                               :    Index A
                                          :
   PUERTO RICO SOLID WASTE                :
   MANAGEMENT AUTHORITY,                  :
                                          :
   Defendant                              :
_____ :

**DECISION AND ORDER**

I. <u>Background</u>

Pending before this Court is a Motion for Relief from the Automatic Stay, filed by Puerto Rico Solid Waste Management Authority ("ADS"). In June of 2001, the debtor, C&A, S.E., ("C&A") commenced an arbitration proceeding against ADS. On February 17, 2005, the panel of arbiters issued an award in favor of ADS. On April 22, 2005, ADS filed an action in the San Juan Court of First Instance, to confirm the award, Civil No. KAC05-2968 and on May 12, 2005, C&A filed a motion to vacate the award, Civil No. KAC05-3546.

C&A filed a voluntary petition under Chapter 11 on June 9, 2005 and the civil action was automatically stayed pursuant to 11 U.S.C § 362. On June 21, 2005, C&A filed an adversary proceeding

against ADS removing the local court proceeding to vacate the award to the bankruptcy court (Adv. No. 05-00149). By separate Decision and Order of June 29, 2006, this Court remanded the proceeding to the local court.

On July 22, 2005, ADS filed a motion for relief from the automatic stay (Docket #16), seeking an order from the Court to modify the automatic stay in order to allow the proceeding for the confirmation of the arbitration award between ADS and C&A to continue in the local court. ADS contends that the confirmation action arises solely under local law and that the confirmation action is the most efficient and satisfactory manner to resolve the pending dispute. ADS argues that C&A wanted to arbitrate and C&A commenced the arbitration proceeding. Finally, ADS provides a background in its motion for relief from stay in which it describes the breach of contract that led to the arbitration between the C&A and ADS.

C&A filed an opposition to the motion for relief from the automatic stay on August 2, 2005 (Docket #21), arguing that allowing ADS to proceed with the confirmation award action has no basis in law. C&A argues that it would severely interfere with the adversary case filed for removing the action to vacate the award to this Court (Adv. No. 05-00149), resulting in duplicate proceedings and contrary to the goal of judicial economy. C&A also maintains that it would cause its' estate to incur in unnecessary legal

expenses.

Moreover, C&A maintains that the confirmation action is a matter concerning the administration of the estate pursuant to 28 U.S.C. 157(b)(2)(A) and further asserts that the relief requested, the vacation of the award, is conditioned on the continued stay of the confirmation action. Finally, C&A asserts that the continuance of the automatic stay is essential for its effective reorganization, for the award issued in the local court is C&A's largest liability and directly affects the liquidation of the assets of the estate and the adjustments of the debtor-creditor relationship pursuant to 28 U.S.C. 157 (b)(2)(O).

At a hearing held on August 12, 2005, the court took the matter under advisement (Docket #31).

II. <u>DISCUSSION</u>

A. <u>Automatic Stay</u>

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. The automatic stay was intended to prevent a dissipation of "the assets of the estate and to avoid a multiplicity of forums where piecemeal adjudication of a bankruptcy case could take place." H. R. Rep. No. 5174, 98th Cong., 2d sess. (1984), reprinted in 1984 U.S. Code Cong. & Ad. News 579 (statement of Robert W. Kastenmeir). <u>See</u> <u>In re</u>

3

Corporacion de Servicios Medicos Hospitalarios, 60 B.R. 920, 931 (D.P.R. 1986), aff'd, 805 F.2d 440, (1st Cir. 1986). Generally, courts try to preserve, under the safeguarded concept of the estate, all assets of the debtor. 11 U.S.C. sec. 541; See Midatlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494 (1986).

The automatic stay provision in Section 362(a) of the bankruptcy code bars:

> [t]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a). Section 362(a) expressly prohibits any post-petition actions by creditors, while the stay is in effect, to prosecute an action related to a pre-petition debt.

B. Relief from the Automatic Stay

Section 362(d) provides that on request of a party in interest and after notice and hearing, the bankruptcy court may grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined under Section 362(d) of the bankruptcy code and is generally determined on a case-by-case

4

basis. In re Haines, 309 B.R. 668, 674 (Bankr. D.Mass. 2004)(citing In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir.1991) and In re Aleli Corp., 71 B.R. 330 (D.P.R. 1987)).

Section 362(g) allocates the burden of proof in motions seeking relief from stay. It provides as follows:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g). "The weight of authority explains that once the moving party establishes cause for such relief, a [stricter] burden then shifts to the debtor to demonstrate that he is entitled to the stay." In re Unanue-Casal, 159 B.R. 90, 94 (D.P.R. 1993)(citing In re Unioil, 54 B.R. 192, 194 (Bankr. D.Colo. 1985) and In Re Setzer, 47 B.R. 340, 345 (Bankr. E.D.N.Y. 1985)).

If a party in interest wishes to enforce a claim or lien against property of the estate, it must obtain relief from the stay pursuant to 11 U.S.C § 362(d), in the bankruptcy court. See In re Bright, 338 B.R. 530, 534 (B.A.P. 1st Cir. 2006).

The Congressional Reports indicate that:

> [i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to

5

> relieve the bankruptcy court from duties that may be handled elsewhere.

H. R. Rep. No. 95-595, at 341 (1977), U.S. Code Cong. & Admin. News 1978, at 5963, 6297; S.Rep. No. 95-989, at 50 (1978), U.S. Code Cong. & Admin. News 1978, at 5787, 5836).

Judicial efficiency may constitute cause to lift a stay. In re Quay Corporation, Inc., 2006 WL 208704, 2 (N.D.Ill. 2006)(citing In re Betzol, 316 B.R. 906, 918 (N.D.Ill. 2004)). In In re Quay Corporation, Inc., the automatic stay was lifted to allow an already pending and almost fully litigated case to proceed to judgment. The bankruptcy court found that judicial efficiency would be met by lifting the stay. In re Quay Corporation, Inc., 2006 WL 208704, 2 (N.D.Ill. 2006).

Likewise, in a case similar to the one before us, in In re Betzol, the court lifted the stay to allow pending arbitration to proceed where the only remaining issues were the fixing of damages, a motion to reconsider and any post-arbitral proceedings. In re Betzold, 316 B.R. 906, 918 (N.D.Ill. 2004). The court also held that if arbitration was not allowed to proceed, the time and expense already expended would be duplicated. Id. at 918.

Finally, in In re Aleli, there were two cases before the local court to determine whether or not Aleli was the holder in due course of a valid and enforceable promissory note guaranteed by a first-ranking mortgage over the same property. In re Aleli, 71 B.R. 330, 331 (D.P.R. 1986). The court concluded that because this was

6

totally dependent on local law, relying on Northern Pipeline Constr. Co. v. Marthon Pipeline Co., 458 U.S. 50 (1982), the automatic stay should be lifted so the local court could decide the issue.

III. Analysis

ADS requests that the Court modify the automatic stay in order to allow the action related to the confirmation of the arbitration award to continue in the local court. The breach of contract between the parties has already been litigated in full in the arbitration proceeding. The two pending actions in the local court, one for vacating the award and the other for the confirmation of the award, are post-arbitral proceedings regarding the decision reached by the arbiters on February 17, 2005.

Although, the automatic stay provision gives the debtor a "breathing spell" from creditors it may be modified for cause on request of a party in interest. As stated, *supra*, once the moving party establishes cause for such relief, then the burden shifts to the debtor to demonstrate that he is entitled to the stay. Like the court in In re Betzol, *supra*, this Court finds that judicial efficiency constitutes cause for modifying the automatic stay in the present case.

ADS has met its burden demonstrating that there is cause to modify the automatic stay and allow the local court proceeding to continue because of the late stage of those proceedings. C&A has not demonstrated that it is entitled to a continuance of the stay.

7

The arbitration proceeding has ended and what is pending is merely post-arbitral proceedings.

C&A argues that it will be required to incur in unnecessary legal expenses, however, by avoiding the possible duplicate litigation of the same issues in the bankruptcy court that have already been determined by the arbiters, C&A's litigation costs will be less than if these issues are re-litigated here. See In re Betzold, 316 B.R. at 918.

While allowing exceptions to Section 362(a) is to be decided on a case-by-case basis, this is a case in which the exception applies. Thus, relief will be granted in order to let the local courts determine if the award should be confirmed or vacated.

The other issues raised by C&A, regarding the removal of the action to vacate the arbitration award raised in Adversary Case No. 05-0149, were resolved by separate Order.

ORDER

WHEREFORE IT IS ORDERED that the defendants motion to modify the automatic stay pursuant to 362(d) is GRANTED. Therefore, this court modifies the stay in order to permit the local court to continue the post-arbitral proceeding in case Civil No. KAC05-2968.

SO ORDERED.

San Juan, Puerto Rico, this 29th day of June, 2006.

S/Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

8